IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 4:15-CR-31-1H

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| KELLY JACKSON GIBBS, ) | |
|     Defendant. ) | |

This matter is before the court on the following motions filed by Defendant Kelly Jackson Gibbs:

    1.    Motion for Notice of Intent to Use Rule 404(b) Evidence, filed September 9, 2015 [DE #38];

    2.    Motion for Disclosure of Concessions, filed September 9, 2015 [DE #39];

    3.    Motion for all "Jencks" Material, filed September 9, 2015 [DE #40];

    4.    Motion to Sequester Government Witnesses, filed September 9, 2015 [DE #41];

    5.    Motion to Preserve Rough Notes, filed September 9, 2015 [DE #42];

    6.    Motion for Disclosure of Summary Exhibits, filed September 9, 2015 [DE #43]; and

    7.    Motion for Disclosure of Inculpatory Statements of Alleged Co-conspirators [DE #44], filed September 9, 2015.

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision by Senior United States District Judge Malcolm J. Howard.

## BACKGROUND

On May 12, 2015, Gibbs was named in a nine-count indictment charging him with: (1) one count of conspiracy to distribute and possess with the intent to distribute a quantity of heroin and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count one); (2) six counts of distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (counts two through seven); (3) one count of possession with the intent to distribute a quantity of heroine, a quantity of cocaine, and a quantity of buprenorphine, in violation of 21 U.S.C. § 841(a)(1) (count eight); and (4) one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924 (count 9). Gibbs is set to be arraigned on November 9, 2015. Before the court are a number of pretrial motions filed by Gibbs.

## DISCUSSION

**I.      Request for Notice of Intent to Use Rule 404(b) Evidence**

Defendant first asks the court to order the government to provide notice of Rule 404(b) evidence and disclose the date, nature, and circumstances of all evidence showing "other crimes, wrongs, or acts" not charged in the indictment that the government may attempt to introduce at trial. Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). In its response to Defendant's motion, the government states that it is aware of its obligation to provide reasonable notice and will abide by the requirements of Rule 404(b). There being no indication that the government will not meet its obligations under the rule, the court DENIES Defendant's motion.

## II. Request for Concessions or Deals, Criminal Records, and Previous Testimony

Defendant also moves the court for an order requiring the immediate production of exculpatory and impeachment evidence. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The government asserts that it has provided to Defendant all requested material available at this time. The government further states that should additional material become available, such material will be turned over to Defendant as soon as possible pursuant to the government's ongoing duty pursuant to Fed. R. Crim. P. 16 and Local Criminal Rule 16.1. The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's motion.

## III. Request for Jencks Material

Defendant also asks for early disclosure of Jencks materials. The government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. As such, this motion is premature. Moreover, the government states in its response that all Jencks material in its possession has been provided to Defendant. Therefore, the motion is DENIED.

## IV. Motion to Sequester Witnesses

Pursuant to Rule 615 of the Federal Rules of Evidence, Defendant Gibbs seeks an order excluding all government witnesses from the courtroom during the examination of other witnesses. Defendant acknowledges that the government may exempt its investigating agent from such an order. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify

3

Case 4:15-cr-00031-H   Document 52   Filed 11/03/15   Page 3 of 7

at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The government acknowledges that sequestration is mandatory upon a party's request and requests that one agent be permitted to sit at counsel's table during the trial. Accordingly, Defendant's motion to sequester witnesses is GRANTED. The court orders sequestration of all testifying witnesses with the exception of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

## V. Request to Preserve Evidence

Defendant next requests that the court order the government to preserve any evidence relating, even remotely, to the instant case. Defendant specifically refers to preservation of officers' rough notes taken as part of an investigation but which may not be incorporated into official records. The government opposes the motion, stating that all notes and reports in its possession have already been provided to Defendant and that should additional notes or reports become available, those will be turned over to Defendant as soon as possible.

4

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Thus, to the extent Defendant seeks pretrial disclosure of agents' notes, that motion is DENIED.

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:41-CR-41-1FL, 2014 WL 5489364, at *2-3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Defendant's motion to preserve rough notes is GRANTED and the government is ORDERED to retain the rough notes of its agents in this matter until after the exhaustion of all appeal rights.

**VI. Motion for Disclosure of Summary Exhibits**

Defendant requests that the court order the government to provide to Defendant any summary or chart it intends to use at trial at least ten days prior to trial. Gibbs asserts that ten days' notice is necessary "to review the summary exhibit, compare it to the hard data, and check its accuracy and its completeness," as well as "to determine if there is a need . . . to obtain expert or lay witnesses to explain or rebut the statements in the Government's summary, or to create a competing summary that more appropriately or fairly explains the underlying evidence." (Def.'s Mot. for Disclosure of Summ. Exs. [DE #43] at 2.)

The admission of charts or summaries is expressly permitted under Rule 1006 of the Federal Rules of Evidence, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. The purpose of Rule 1006 is to reduce the volume of written documents that are introduced into evidence and to allow accurate derivatives from the voluminous documents. *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004).

The government does not oppose the disclosure of any such exhibits, and intends to disclose them in accordance with Rule 1006 of the Federal Rules of Evidence. However, the government does oppose the imposition of requiring disclosure ten days prior to trial but does not provide an alternative timeline.

In this case, the court believes that disclosure of summary exhibits seven days prior to trial constitutes a "reasonable time" under Rule 1006. Consequently, Gibb's motion is GRANTED subject to the following terms:

1. At least seven days prior to trial, each of the parties shall provide to the other any summary, chart or calculation intended to be introduced as evidence pursuant to Rule 1006, together with copies of the information upon which the summary, chart or calculation is based.

2. Upon a party's production of a summary, chart or calculation, the opposing party shall have three days to prepare and disclose to the other party a rebuttal or competing summary, chart or calculation.

3. Modifications or adjustments to any chart, summary or calculation shall be permitted if (a) based upon the information previously disclosed, (b) notice of the modification or adjustment is provided to the other party prior to trial, and (3) any changes thereto will not unduly prejudice the opposing party.

**VII. Motion for Inculpatory Statements**

Lastly, Defendant requests that the court order the government to provide all inculpatory statements of Defendant and his co-defendants. The government states that it has provided all such statements in its possession and acknowledges its ongoing duty to provide such statements under Federal Rule of Criminal Procedure 16 and Local Rule 16.1. As such, Defendant's motion is DENIED as moot at this time.

## **CONCLUSION**

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion for Notice of Intent to Use Rule 404(b) Evidence [DE #38] is DENIED;

2. Defendant's Motion for Disclosure of Concessions [DE #39] is DENIED;

3. Defendant's Motion for Disclosure of Jencks Material [DE #40] is DENIED;

4. Defendant's is Motion to Sequester Government Witnesses [DE #41] GRANTED;

5. Defendant's Motion to Preserve Rough Notes [DE #42] is GRANTED;

6. Defendant's Motion for Disclosure of Summary Exhibits [DE #43] is GRANTED on the terms set forth above; and

7. Defendant's Motion for Disclosure of Inculaptory Statements of Alleged Co-conspirators [DE #44] is DENIED.

This 3rd day of November 2015.

KIMBERLY A. SWANK
United States Magistrate Judge